IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Westport Insurance Corporation, ) | C.A. No. 3:12-cv-993-CMC |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| vs. ) | FINDING DEFENDANT HARRISON, |
| ) | FINCHER & ASSOCIATES, INC., |
| Harrison, Fincher & Associates, LLC; ) | IN DEFAULT |
| QBE Insurance Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| QBE Insurance Corporation, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Continental Casualty Company, ) | |
| _____ ) | |

This matter is before the court on motion of Plaintiff Westport Insurance Corporation ("Westport") for entry of default as to Defendant Harrison, Fincher & Associates, LLC ("HFA"). This motion is granted for the reasons set forth below.[1]

Westport acknowledges that HFA *served* an answer on Westport on or about May 10, 2012, but challenges the adequacy of that answer on two grounds. First, Westport notes that HFA failed to *file* its answer despite repeated demands that it do so. *See* Dkt. No. 21-1 (answer dated May 10, 2012); Dkt. No. 21-2 (email communications from Westport's counsel to HFA's counsel addressing concerns and forwarding a copy of the court order, Dkt. No. 20, which noted the absence of a filed

---

[1] The motion is captioned as follows: "Motion for Entry of Default as to Defendant [HFA], and alternatively for an order compelling it to file an appearance, its original answer and an amended answer." Dkt. No. 21. It is designated on the docket as a "Motion for an Order Compelling HFA to File an Appearance."

answer). Second, Westport argues that HFA's answer is defective in that it consists of a single-paragraph, general denial of a detailed, ninety-three paragraph complaint which contained a number of paragraphs which may not be appropriately addressed through a general denial. These concerns were also raised with HFA's counsel before the motion was filed. *See* Dkt. No. 21-2 at 1 (email exchange in which Westport's counsel raises concerns with the adequacy of the answer and grants a twenty-day extension to HFA to "file an appropriate Answer"). Despite receiving an extension of time to do so, HFA failed to file any answer, much less one attempting to cure the alleged deficiencies. *See id.* at 1. (HFA's counsel responding that he "will have an appropriate answer by Monday, May 28").

Westport has submitted HFA's answer as an attachment to its motion. This answer is signed by Stanley G. Freeman, Esquire (Freeman). Although Freeman has been admitted to this court's bar, he has failed to complete the steps necessary to file documents electronically. This places Freeman in violation of this district's rules because all attorneys admitted to this court's bar are required by this district's Electronic Case Filing Policies and Procedures ("ECF Policies"), which went into effect in mid 2006, to complete those steps or seek an exemption. *See* ECF Policies §§ 3.1, 3.2.[2] It also renders the limited answer which was served a nullity because HFA, an entity, cannot appear without counsel authorized to appear in this court. *See generally Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (stating "well established" rule that artificial entity, there a corporation, must be represented by counsel because it cannot appear *pro se*).

---

[2] Although not expressly covered by the rules, the court has allowed a third option: attorneys who do not intend to represent parties before this court may affirmatively ask to be placed in inactive status. An attorney placed in inactive status may not file documents or represent parties in actions before this court unless and until they complete the necessary steps. Freeman has not sought inactive status. His service of an answer in a matter pending in this court is, in any event, inconsistent with inactive status.

2

Unfortunately, HFA does not appear to have made any effort to cure the deficiencies noted in Westport's motion. This is despite multiple email communications from Westport's counsel raising the concerns before filing the present motion and service of a related court order and the present motion. *See* Dkt. No. 21-2 (continuing emails from Westport's counsel to HFA's counsel through June 1, 2012); Dkt. No. 21at 7 (certificate of service indicating service by hand-delivery in addition to emailing). It is also despite a pre-motion email from HFA's counsel indicating that he intended to file an amended answer by a specified date Dkt. No. 21-2 at 1. Neither has HFA offered any response to the present motion challenging Westport's arguments. Under these circumstances, the court finds HFA is in default. The court further finds that this default is without justification or excuse and, consequently, declines the suggested lesser relief of ordering HFA to cure the defaults by filing an appropriate amended answer.

**CONCLUSION**

For the reasons set forth above, the court holds HFA in default. However, because the claims against HFA are intertwined with those against its co-defendant, QBE Insurance Corporation ("QBE"), the court will defer entry of judgment as to HFA until the claims against QBE are also resolved.[3]

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 9, 2012

---

[3] Through this action, Westport seeks both to rescind a professional liability policy issued to HFA and a declaratory judgment that it is not obligated to defend or indemnify HFA in two related actions brought against HFA by QBE. In the underlying actions, QBE alleges, *inter alia*, that HFA breached its professional duties as an insurance agency to provide QBE notice of a lawsuit brought against QBE's insured, which failure led to a substantial default judgment. Thus, any decision as to the existence and scope of insurance coverage affects both HFA and QBE.